**In re the Marriage of Elizabeth F. MILLER, Respondent,**

v.

**Douglas E. MILLER, petitioner, Appellant.**

No. C6–89–1813.

Supreme Court of Minnesota.

July 20, 1990.

James Van Valkenburg, David J. McGee, Thomsen, Nybeck, Johnson, Bouquet, Van Valkenburg, Ohnstad & Smith, P.A., Edina, for appellant.

Karen I. Haukebo, Kathleen Worner Kissoon Law Office, Bloomington, for respondent.

YETKA, Justice.

We granted the petition of Douglas E. Miller for further review of an unpublished decision of the court of appeals reversing the trial court's determination that there had not been the requisite substantial change of circumstances to justify a modification of a temporary spousal maintenance award. We affirm in part, reverse in part and remand to the trial court for further proceedings consistent with this decision.

The 33-year marriage of the parties was dissolved by judgment and decree of marital dissolution in October 1984. Incorporated into the judgment and decree was the parties' stipulation as to the disposition of the considerable marital property. Respondent, Elizabeth Miller, was awarded temporary spousal maintenance of $1,000 per month for the period from September 15, 1984 to August 15, 1989. Immediately before the expiration of that temporary award, respondent moved the district court to modify the award by increasing the amount and rendering it permanent. The trial court denied the motion, finding that, because respondent's earnings had not substantially decreased and her needs had not substantially increased since the original award, there was no basis for concluding that her circumstances had substantially changed to justify the modification.

Concluding that respondent had met her burden of demonstrating the requisite substantial change and that the original award had, by these circumstances, been rendered unfair, the court of appeals reversed. It determined that the evidence compelled a conclusion that the trial court's findings of no substantial change were clearly erroneous. The appellate court then examined the criteria of Minn.Stat. § 518.552 (1988) in accordance with *Nardini v. Nardini*, 414 N.W.2d 184 (Minn.1987), to establish a permanent award in the same amount as that awarded for the temporary maintenance.

We affirm that portion of the court of appeals' decision reversing the trial court's denial of the motion for spousal maintenance modification. However, once it is determined that an award which was once temporary should now become permanent, it is reasonable for the trial court to be presented with an opportunity, after hearing, to consider the parties' relative financial positions in conjunction with its analysis of the statutory criteria and this court's pronouncement in *Nardini*. Accordingly, we reverse that portion of the decision of the court of appeals setting

$1,000 per month as an amount of permanent spousal maintenance and, instead, remand to the trial court for further proceedings in accordance with this decision.

Affirmed in part, reversed in part and remanded.